IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>ONE 2011 CADILLAC ESCALADE,<br>VIN: 1GYS3AEF3BR238534,<br>  Defendant Property. | CASE NO. 4-14-cv-232 (CDL) |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1. This is a civil action *in rem* brought pursuant to Title 21, United States Code, Sections 881(a)(4) and (a)(6), and Title 18, United States Code, Section 981(a)(1)(C), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: one 2011 Cadillac Escalade, VIN: 1GYS3AEF3BR238534, (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2. The Defendant Property consists of one 2011 Cadillac Escalade, VIN: 1GYS3AEF3BR238534, seized from Marcus Roman Calhoun, on March 13, 2014, at 151 Chambliss Circle, in Cataula, Harris County, Georgia. The Defendant Property is

presently in the custody of the United States Marshals Service and is located at 423 Mulberry Street, Macon, Georgia.

### Jurisdiction and Venue

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Harris County, Georgia, which is a place within the Middle District of Georgia.

6. The seizure of the Defendant Property was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings. On or about June 2, 2014, Marcus Roman Calhoun, through his attorney, Clark Adams, Jr., Esquire, 831 Second Avenue, Post Office Box 1582, Columbus, Georgia 31902, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it was used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, an offense punishable by more than one year's imprisonment.

8. In the alternative, the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was 1) furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) was used or intended to be used to facilitate a violation of the Controlled Substances Act.

9. Additionally, in the alternative, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) which provides, in pertinent part:

> (a)(1) The following property is subject to forfeiture to the United States:
>
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting Aspecified unlawful activity@ (as defined in section 1956(c)(7) of this title).

10. Violations of Section 641 (Theft of Government Funds), 1028 (Identity Theft) and 1343 (Wire Fraud) are each defined as a Aspecified unlawful activity@ by Section 1956(c)(7) of Title 18.

### *Factual Allegations*

11. On March 13, 2014, agents with the Internal Revenue Service ("IRS") and Investigator Ryan Williamson of the Harris County Sheriff's Office ("HCSO") executed a

search warrant at the business of Priority Tax Service, owned and operated by Melissa Lowe ("Lowe").  Priority Tax Service is located at 1095 U.S. Highway 27, Cataula, Georgia, 31804.

12. On the same date, deputies from the HCSO were conducting surveillance of the residence of Lowe located at 151 Chambliss Circle, Cataula, Georgia.

13. During the surveillance, deputies observed Lowe depart the residence in a 2002 Dodge Ram truck.  The truck was registered to Marcus Calhoun ("Calhoun").

14. Sergeant Glenn Presley of the HCSO conducted a traffic stop on the vehicle driven by Lowe and informed her that IRS was executing a search warrant at her business, and that she was being investigated for identity and tax fraud.

15. While speaking to Lowe, Sgt. Presley observed what appeared to be tax documents inside the truck.  When Sgt. Presley asked Lowe about the files, Lowe made the following statements: i.) the files had accidently been brought home from the tax business; ii.) no other tax records were inside her residence; iii.) she never does any work at her residence; and iv.) there was no identifying information on anyone inside her residence.

16. Sgt. Presley asked and received consent from Lowe to search the residence for any other files or tax documents.

17. Upon entering the residence, deputies detected a strong odor of green marijuana.  When asked by Sgt. Presley if there was anyone else home, Lowe stated that her boyfriend, Calhoun, was inside the bedroom.

18.     Upon entering the bedroom of the residence, the deputies found Calhoun lying in bed, and observed an ash tray on the floor containing what appeared to be a marijuana cigarette and several marijuana butts.

19.     Calhoun was placed into handcuffs, and both Calhoun and Lowe consented to a search of the residence for illegal narcotics.

20.     During the search of the residence, deputies found a bag located on the bed platform of the master bedroom containing what appeared to be marijuana, an M&M candy box beside the bed containing two separate bags of what appeared to be marijuana, a large sum of United States currency located inside a wallet found inside the pocket of blue jeans belonging to Calhoun, a safe inside the air conditioning vent in the living room area containing a large sum of United States currency, and additional files located inside the office of the residence.

21.     A 2011 Cadillac Escalade, VIN: 1GYS3AEF3BR238534 (Defendant Property), was found parked inside the garage of the residence.  When asked about the vehicle, Calhoun stated the vehicle belonged to him.  Calhoun further stated that Lowe had purchased the vehicle for him, and he later paid her $2,500.00 for the vehicle.

22.     A Bill of Sale was located inside of the 2011 Cadillac Escalade showing that Lowe had purchased the vehicle for $49,500.00 from Legacy Chevrolet, Cadillac, Saab of Columbus.  A second Bill of Sale was located inside the vehicle showing that Calhoun purchased the vehicle from Lowe for $2,500.00.

23.      During the search of her residence, Lowe was contacted by IRS agents conducting a search warrant at Priority Tax Service, and was asked to come to her

5

place of business. Calhoun was arrested and transported to the HCSO where he refused to submit to DNA sampling.

24. The United States currency found inside the wallet and safe were seized and transported to the HCSO. At the HCSO, a dog, trained to detect the odor of certain controlled substances, ("K-9") was utilized to conduct a controlled air sweep of the United States currency, and alerted with a positive response.

25. The 2011 Cadillac Escalade was seized and transported to the Harris County impound lot. A K-9 was utilized to conduct a free air sweep of the vehicle, and the K-9 gave a positive alert to the driver's door area.

26. Lowe surrendered herself to the HCSO on March 14, 2014, and refused to submit to DNA sampling.

27. The Defendant Property was seized, and consists of a 2011 Cadillac Escalade, VIN: 1GYS3AEF3BR238534.

### *Conclusion*

28. Based on the foregoing, probable cause exists to believe that the Defendant Property was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, an offense punishable by more than one year's imprisonment, and is therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

29. Alternatively, based on the foregoing, probable cause exists to believe that the Defendant Property was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et*

x

*seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or was used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

30.     Additionally, probable cause exists to believe that the Defendant Property constitutes proceeds or were derived from proceeds traceable to violations of a specified unlawful activity, specifically, violations of 18 U.S.C. § (Theft of Government Funds), 18 U.S.C. § 1028 (Identity Theft), and 18 U.S.C. ' 1343 (Wire Fraud), and is therefore, subject to forfeiture pursuant to Section 981(a)(1)(C).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, August 28, 2014.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY


By:    s/ DANIAL E. BENNETT
        ASSISTANT UNITED STATES ATTORNEY
        GEORGIA STATE BAR NO.  052683
        UNITED STATES ATTORNEY'S OFFICE
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Facsimile: (478) 621-2712